UNITED STATES of America, Plaintiff,

v.

Gerald Paul MARUSKA, Defendant.

No. 83–1658.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 27, 1983.

Decided Oct. 3, 1983.

John R. Hoffert, Knudsen, Bersheimer, Richardson & Endacott, Lincoln, Neb., for defendant.

Paul D. Boeshart, Asst. U.S. Atty., Lincoln, Neb., for plaintiff.

Before BRIGHT, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

The principal question presented in this criminal appeal was whether trial counsel for defendant was incompetent because he did not move to dismiss the indictment under the Speedy Trial Clause. By a previous order, this Court appointed John R. Hoffert, Esq., of Lincoln, Nebraska, to represent defendant on appeal and directed Mr. Hoffert to show cause why the appeal should not be dismissed as frivolous. After examining the file, counsel reported to this Court, in accordance with the Supreme Court's opinion in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that he could not conscientiously describe the appeal as nonfrivolous. Counsel therefore moved for leave to withdraw.

On receipt of this motion, we entered an order dated August 24, 1983, postponing action on counsel's request to withdraw and directing defendant personally to show cause why the appeal should not be dismissed as frivolous. We have now received and examined defendant's handwritten response, dated September 11, 1983.

The right to a speedy trial contained in the Speedy Trial Act of 1974 and the Speedy Trial Clause of the Sixth Amendment attaches only when a defendant is arrested and formally charged with a crime. In this case defendant was indicted on January 19, 1983. He claims that he was arrested on June 24, 1982, and that this delay of six months between arrest and indictment gives him a viable speedy-trial argument. We disagree. Whether or not defendant was actually "arrested" on June 24, 1982, it is undisputed that he was not formally charged with a crime at that time. He was the subject of a criminal investigation, he was advised of his rights and questioned by the authorities at his home, but his liberty was not otherwise restrained. Therefore, the speedy-trial clock did not begin to run.

*United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), a case decided under the Sixth Amendment, is in point. There, a defendant was formally charged with three murders. After a thorough investigation, the charges were dismissed. The case did not end there, however. Five years after the initial charge, a grand jury indicted MacDonald for the murders. The Supreme Court rejected his speedy-trial claim. The right to a speedy trial, the Court said, "attaches only when a formal criminal charge is instituted and a criminal prosecution begins," 456 U.S. at 6, 102 S.Ct. at 1501, and the Speedy Trial Clause "has no application after the Government, acting in good faith, formally drops charges." *Id.* at 7, 102 S.Ct. at 1501. "Certainly the knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life. This is true whether or not charges have been filed and then dismissed ... but with no charges outstanding, personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending.... Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation." *Id.* at 9, 102 S.Ct. at 1502.

The present case is even weaker than *MacDonald* in a legal sense, for here no formal charges were filed against defendant on the date when he claims the speedy-trial clock began to run, whereas in *MacDonald* formal charges were filed but were later dismissed. The same analysis is applicable under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* See *United States v. MacDonald,* 456 U.S. at 7 n. 7, 102 S.Ct. at 1501 n. 7.

We conclude that any claim on the part of defendant that his right to a speedy trial was violated is insubstantial, and that trial counsel cannot therefore be taxed with incompetence for failing to raise such a claim. The motion of appointed appellate counsel for leave to withdraw is granted, and the judgment of the District Court is summarily

Affirmed.