**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Max Lee WALKER, Kermit Lee Newman, William Samuel Conway and William Wayne Cupps, Jr., Defendants–Appellants.**

No. 85–1051
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1985.

Mike Barclay, Alpine, Tex., for defendants-appellants.

Helen M. Eversberg, U.S. Atty., San Antonio, Tex., Michael S. McDonald, Asst. U.S. Atty., El Paso, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue presented by this case is whether an arrest based on probable cause is an arrest within the meaning of section 3161(b) of the Speedy Trial Act,[1] even if the person so arrested is later released without the filing of charges. Section 3161(b) of the Act requires the government to prosecute persons within thirty days of their arrests. In this case, the government did not indict the defendants until forty-four days after their initial arrests. The district court held that the provisions of the Speedy Trial Act apply only to an arrest followed

---

1. 18 U.S.C. §§ 3161–3174.

by the institution of a criminal charge or the imposition of some restraint on liberty. We affirm.

Early in the afternoon of July 23, 1984, U.S. Customs Agents arrested the defendants, who were in possession of twenty-six pounds of marijuana that, apparently, had been recently smuggled into the United States. The agents promptly informed the defendants of their rights and took them to the Customs Patrol Office for processing. The agents then transferred the defendants to the Brewster County Jail in Alpine, Texas, for further processing by federal and state narcotics agents. After completion of the required fingerprinting and photographing, the defendants were released at 9:30 p.m., after approximately eight hours in custody. Nothing in the record indicates that the defendants' liberty was curtailed in any way following their initial arrest and release.

On September 6, 1984, some forty-four days after the initial arrest, the defendants were indicted by a federal grand jury. The indictments charged them with both conspiring to import and importing marijuana into the United States. They were rearrested and released on bond. The defendants moved to quash their indictments, invoking the Speedy Trial Act. The trial judge denied the motion. The defendants pleaded guilty to the conspiracy charge and expressly reserved their rights to appeal the denial of the motion to quash.

The Speedy Trial Act, section 3161(b), provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[2] The Act also authorizes sanctions: "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."[3]

■ While Section 3161(b) may be read to require indictment within thirty days after an arrest of any kind, this court, like other courts, has read it differently. In *United States v. Amuny*,[4] this court recently joined the other circuits that have held that an arrest followed by immediate release of a defendant is not an "arrest" within the meaning of the Act.[5] Accordingly, the Act's thirty-day time limit was not triggered in defendants' case because their arrests were not followed by any substantial restraints on liberty or the lodging of formal charges. As we stated in *Amuny*, "the primary purpose of the Act was to implement the defendant's Sixth Amendment right to a speedy trial, a right designed to limit the time during which *criminal charges* remain hanging over a person's head unresolved."[6]

Whether an arrest and detention for a longer time or prosecutorial action designed to circumvent the Act would start the clock of speedy trial are issues not now before us.

For these reasons, the judgment is AFFIRMED.

---

2. 18 U.S.C. § 3161(b).

3. 18 U.S.C. § 3162(a)(1).

4. 767 F.2d 1113, 1120–21 (5th Cir.1985).

5. *See United States v. Kidd*, 734 F.2d 409, 412 (9th Cir.1984); *United States v. Sanchez*, 722 F.2d 1501, 1509 (11th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *United States v. Maruska*, 717 F.2d 1222, 1223 (8th Cir.1983); *United States v. Alfarano*, 706 F.2d 739, 741 (6th Cir.), *cert. denied*, 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Candelaria*, 704 F.2d 1129, 1131–32 (9th Cir.1983); *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir.1983); *see also United States v. Smith*, 704 F.2d 723, 725 (4th Cir.1983).

6. *Amuny*, 767 F.2d at 1120 (emphasis in original) (discussing *United States v. Janik*, 723 F.2d 537 (7th Cir.1983)).