**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Adil SHAHRYAR, Defendant-Appellant.**

**No. 82–5644.**

United States Court of Appeals, Eleventh Circuit.

Nov. 21, 1983.

Douglas C. Hartman, Dean & Hartman, Miami, Fla., Ram Panjwani, New Delhi, India, for defendant-appellant.

Stanley Marcus, U.S. Atty., Neal B. Shniderman, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY and KRAVITCH, Circuit Judges, and ATKINS *, District Judge.

## PER CURIAM:

Appellant, Adil Shahryar, was indicted, tried by a jury, and convicted on a five count indictment charging him with violations of the federal wire fraud and firearm statutes. Mr. Shahryar contends that the district court erred in denying his motion to dismiss the indictment since the government violated his right to a speedy trial under the Speedy Trial Act of 1979, 18 U.S.C. Ch. 208 (1979) (the "Act").[1] Finding that the indictment was timely filed under the Act, we affirm his conviction.[2]

## PROCEDURAL BACKGROUND

Because a decision in this case must be grounded on the procedural history as shown by the record, we list the following relevant dates:

(1) August 30, 1981: Appellant was arrested by state authorities on arson charges.

(2) September 3, 1981: Federal criminal complaint was filed in the district court based on alleged violations of federal statutes. The magistrate issued an arrest warrant and set a temporary bond of $1 million. This arrest warrant was lodged with the state authorities as a detainer against the appellant.

(3) January 12, 1982: State bond was reduced.

(4) January 27, 1982: Appellant posted bond on the state charges and federal custody began.

(5) February 10, 1982: Indictment was returned in the Southern District of Florida.

This court must decide if the filing of a federal warrant of arrest as a detainer with the state of Florida constituted an "arrest" under the Act which would trigger the time limits of the Federal Speedy Trial Act. Since we find that the appellant was not "arrested" under the Act until he was in federal custody, we affirm the district court's denial of the motion to dismiss the indictment and affirm Mr. Shahryar's conviction.

## SPEEDY TRIAL ACT

The sole issue to be resolved on this appeal turns on the construction of the Act. The Act is intended to mandate an orderly and expeditious procedure for federal criminal prosecutions by fixing specific, mechanical time limits within which the various

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Appellant in this case, however, makes no contention of a violation of his fifth or sixth amendment rights in connection with any delay in his federal prosecution. *See Barker v. Win-*

*go,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

2. We also find that the evidence presented at trial was sufficient to support the verdicts and therefore affirm the district court's denial of the motion for judgment of acquittal.

progressions in the prosecution must occur. The Act focuses primarily on two time periods in the criminal process. The first is from arrest or service with a summons to the filing of an indictment or information. 18 U.S.C. § 3161(b). The second is from the filing of the indictment or information to the commencement of trial. 18 U.S.C. § 3161(c)(1). Appellant's speedy trial claim in this case concerns the pre-indictment period.

Section 3161(b) provides,

[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district court in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Section 3162 outlines the sanctions or remedies that are to be utilized if the Act is violated. Section 3162(a)(1) states,

[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Appellant advocates that the lodging of the federal complaint as a detainer with the state authorities and the setting of the bond by the federal magistrate on September 3, 1981, constituted an "arrest" within the

meaning of the Act and thus his case should have been dismissed because his indictment was handed down more than thirty days later. Appellant was in the state jail from August 30, 1981 until January 27, 1982. Since there was no federal arrest of the appellant and no taking of him into federal custody until he was turned over by the state authorities to the federal authorities, there was no violation of the Act in this prosecution.

There is scanty case law on the meaning of the word "arrest" under the Act. The cases that have analyzed the relationship between a state and federal arrest and the time provisions of the Act usually involve situations where there has been substantial cooperation among state and federal officers in an investigation which results in a state arrest, followed later by a federal arrest and prosecution. In the recent case of *United States v. Iaquinta,* 674 F.2d 260, 264 (4th Cir.1982), the Fourth Circuit reviewed the cases dealing with the state/federal arrest issue and concluded: "[T]he Speedy Trial Act has as its starting point the arrest of the defendant. Since the Act applies only to federal prosecutions it is only a *federal* arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." (emphasis in original) (footnotes omitted). *Accord: United States v. Phillips,* 569 F.2d 1315 (5th Cir.1978); *United States v. Lai Ming Tanu,* 589 F.2d 82 (2d Cir.1978). *United States v. Mejias,* 552 F.2d 435 (2d Cir.), *cert. denied,* 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977).

In this case there was no involvement by the federal officers in the state investigation. Mr. Shahryar was arrested for arson in connection with a hotel fire on August 30, 1981. The federal authorities did nothing to effect that arrest. He was taken into state custody and charged with violations of state law. He was not turned over to federal authorities for federal prosecution until January 27, 1982.[3] For the time limit of the Act to commence a person must be held for the purpose of answering

---

3. Appellant in this case misperceives the effect of the detainer. Filing a detainer is simply an

informal process, advising the officials of an institution in which a prisoner is incarcerated

1525

to a federal charge. *United States v. Wilson,* 657 F.2d 755 (5th Cir.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982). Thus, if one is held by state officers on a state charge and subsequently turned over to federal authorities for federal prosecution, the starting date for purposes of the Act is the date that the defendant is delivered into federal custody. The federal indictment in this case was filed on February 10, 1982, well within the thirty day period permitted by the Act.

Common sense, as well as deeply rooted concepts of federalism dictate that the Speedy Act rules relate only to federal and not to state custody. To hold otherwise would require our rejection of the doctrine of dual sovereignty, formulated by the Supreme Court in *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922) and reaffirmed in *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). This doctrine recognizes that the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible. The district court did not err by declining to dismiss the indictment pursuant to the Speedy Trial Act. Mr. Shahryar's conviction is hereby AFFIRMED.

that the prisoner is wanted on pending criminal charges elsewhere, and requesting notification to the filing jurisdiction prior to the prisoner's release. *United States v. Mauro,* 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978).