**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Terrence Ray TAYLOR,**
**Defendant-Appellant.**

**No. 86–2272**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 30, 1987.

Rehearing and Rehearing En Banc
Denied May 6, 1987.

Terrence Ray Taylor, pro se.

Bob Wortham, U.S. Atty., Paul Naman, Asst. U.S. Atty., Beaumont, Tex., for U.S.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The appellant, Terrence Ray Taylor, appeals his conviction and sentence for passing altered money orders. Finding no error, we AFFIRM.

Terrence Ray Taylor bought a money order for less than $400. He altered the money order so that it appeared to be worth $400 and passed it to Joe Zuech on August 5, 1985. On August 12, he was arrested and taken into the custody of the State of Texas. He was taken into federal custody on October 24. On November 7, he was indicted and charged with fifteen counts of altering and/or passing altered money orders issued by the U.S. Postal Service, in violation of 18 U.S.C. § 500. Taylor entered a guilty plea to the single count involving Zuech, but reserved the issue of Speedy Trial Act violations. The government dismissed the remaining fourteen counts. On February 10, 1986, the trial court sentenced Taylor to five years imprisonment, the maximum possible term for the offense, and ordered him to pay restitution and a mandatory assessment.

Taylor asserts a number of issues on appeal. He contends that his guilty plea was involuntary, that various pretrial irregularities mandate reversal, that he was wrongly denied a continuance prior to sentencing, that his record on appeal should be expanded, that his Speedy Trial Act rights were violated, and that the entire case rep-

resents an "impudent and manifest" miscarriage of justice.

■ Taylor entered a conditional plea of guilty, in which he reserved the right to appeal the district court's ruling that he had not been denied his right to a speedy trial.[1] Nevertheless, he now seeks to challenge the validity of this plea.

The Federal Rules of Criminal Procedure state that a court shall not accept a guilty plea without addressing the defendant in open court to ensure that the plea is voluntary and is not the result of force or threats or promises apart from a plea agreement. Fed.R.Crim.P. 11(d). The trial court questioned Taylor extensively before accepting his guilty plea. Taylor stated that he was a college graduate and had attended law school. Taylor explained that he had consulted with his attorneys about his guilty plea and that he was aware of what was going on. Taylor also stated that he was pleading guilty because he was guilty and not because of any threats or promises. The court informed Taylor of the rights he was foregoing by pleading guilty and explained the maximum penalty that could be imposed. According to the prosecution, the plea agreement stated that "the defendant will plead guilty to Count 1, and that in exchange for that, the government will dismiss the remaining 14 counts of the indictment." (R. 20) At the conclusion of the hearing, the court stated that it was convinced Taylor understood what he was doing and that it would "accept [his] guilty plea and enter a judgment of guilty on the plea to Count 1." (R. 2, 30)

Taylor offers no support for his claims that the guilty plea was involuntary. Also unsupported are Taylor's claims that the court did not adequately scrutinize his plea and did not formally accept the plea. Thus, Taylor's contentions that the guilty plea was "tainted" and involuntary are meritless.

■ Since Taylor's plea was voluntary, he has waived all nonjurisdictional defects in the proceedings against him. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). Therefore, his claims that the prosecution breached a pretrial agreement or acted vindictively, that he was not promptly taken before a U.S. Magistrate, that the court did not rule on pretrial motions, and that his pretrial detention was illegal, all must fail.

■ Taylor also asserts that after he pled guilty he was wrongly denied a continuance to enable him to gather materials to influence the court in sentencing. This is a frivolous claim, in that Taylor was provided with ample opportunity to supplement and correct the presentence report. Further, Taylor gives no indication at all about what additional evidence he might have produced had he been granted the continuance.

■ In addition, Taylor claims this court erred in denying his motion to expand the record on appeal. The motion was denied by a single judge. This court may review such a ruling by a single judge, but only if the review is sought promptly. *Marcaida v. Rascoe*, 569 F.2d 828, 830 n. 2 (5th Cir. 1978). Since Taylor waited nearly forty days to seek review, he did not act promptly.

■ Another claim Taylor makes is that his rights under the Speedy Trial Act were violated. According to the Act, a defendant must be indicted within thirty days of the time when he is arrested and taken into continuous federal custody. 18 U.S.C. § 3161(b); *see United States v. Amuny*, 767 F.2d 1113, 1120 (5th Cir.), *reh'g denied*, 775 F.2d 301 (5th Cir.1985). State arrest, on the other hand, does not trigger the time provisions of the Speedy Trial Act. *United States v. Wilson*, 657 F.2d 755, 767 (5th Cir.1981), *cert. denied*, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982) (citing *United States v. Phillips*, 569 F.2d 1315, 1317 (5th Cir.1978).

■ The Speedy Trial Act does not begin to run when the defendant is arrested by state authorities on state charges, nor does

---

1. Both parties assume the condition was accepted, and therefore this court accepts that assump-  tion.

it begin when a federal detainer is lodged with state authorities. *United States v. Shahryar*, 719 F.2d 1522, 1524 (11th Cir. 1983). Instead, only a federal arrest triggers the start of the time limits set in the Act. *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir.1982). *See also United States v. Phillips*, 569 F.2d 1315 (5th Cir. 1978); *United States v. Lai Ming Tanu*, 589 F.2d 82 (2d Cir.1978); *United States v. Mejias*, 552 F.2d 435 (2d Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977). Filing a complaint and detainer are not equivalent to a federal arrest. *United States v. Shahryar*, 719 F.2d at 1524–25 n. 3; *United States v. Copley*, 774 F.2d 728, 731 (6th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). Thus, "[f]or the time limit of the Act to commence a person must be held for the purpose of answering to a federal charge." *United States v. Shahryar*, 719 F.2d at 1524–25.

■ In the instant case, the Speedy Trial issue was examined in detail at the magistrate's detention hearing. Both the defense and prosecution at the hearing agreed to the correctness of the following dates: on August 12, 1985 Taylor was arrested by the Groves, Texas Police Department; on August 21 Taylor was questioned by a federal postal investigator; on August 29 the complaint was filed with the federal magistrate; on October 15 the state charges were dismissed; on November 7 Taylor was named in the fifteen-count indictment. The magistrate found that there was no federal arrest until Taylor was taken into federal custody on October 24, 1985. As a result, the magistrate concluded there was no violation of Taylor's Speedy Trial rights.

We find no error in the magistrate's conclusion. An arrest made by a state officer, even if state and federal officials are cooperating at the time, does not start the running of the 30–day time period. *United States v. Phillips*, 569 F.2d at 1317; *see also United States v. Wilson*, 657 F.2d at 757. The Speedy Trial Act fixes "specific, mechanical time limits" for prosecution. *United States v. Shahryar*, 719 F.2d at

1523. None of these time limits has been violated in Taylor's case. The 30–day time period began running on October 24, 1985, the date of the federal arrest. The November 7th indictment was therefore within the allowable 30–day period.

 Taylor's final assertion is that the entire case represents an "impudent and manifest" miscarriage of justice. Based on this, Taylor argues that even if he cannot obtain relief on any individual grounds, his conviction nevertheless should be reversed. This is a frivolous claim. If none of Taylor's contentions has merit, then there is no error and he cannot obtain relief.

Taylor's conviction is AFFIRMED.