818 F.2d 302
 UNITED STATES of America, Plaintiff-Appellee,
v.
Linwood C. LEE, a/k/a Julian G. Belcsak, a/k/a Jamel
Skinner, a/k/a Eugene Riley, a/k/a Eugene M. Rieley, a/k/a
Lyndon Charles Lea, a/k/a Lyndon C. Swinney, a/k/a Lindon
Sweeney, a/k/a Henry Miller, a/k/a Charles Neal, Jr.;
Defendants-Appellants.
 No. 86-5073.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 9, 1987.
Decided May 6, 1987.
 
 1
 Paul Francis Kemp, Rockville, Md., Katherine D. Savage, Law Clerk, on brief, for defendants-appellants.
 
 
 2
 Peter Dennis Ward, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., Dennis E. Boyle, Third-Year Student, on brief), for plaintiff-appellee.
 
 
 3
 Before PHILLIPS and SPROUSE, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 FRANK A. KAUFMAN, Senior District Judge:
 
 4
 On September 16, 1985, appellant presented to the manager of the Adelphi, Maryland branch of the Citizens Bank and Trust of Maryland, a VISA credit card purportedly issued in New York by the Chase Manhattan Bank in New York, and a document which appellant stated was his New York driver's license. Appellant asked the branch bank manager for a $300.00 advance in reliance upon the VISA credit card. Because she noticed that the expiration date on the credit card had seemingly been altered, the manager promptly telephoned to the VISA Authorization Center in Raleigh, North Carolina, and was informed that the credit card had not been issued by Chase Manhattan. The manager then called the Prince George's County law enforcement officials, who, later on that same day, arrested appellant.
 
 
 5
 Following that arrest on September 16, 1985, Lee was detained at the Prince George's County Detention Center until the State's Attorney for that county nolle prossed the state charges on December 9, 1985. Prior to that time, namely on September 17, 1985, a federal complaint against appellant was filed in the District of Maryland, charging appellant with a violation of 18 U.S.C. Sec. 1029. On September 17, 1985 a federal arrest warrant was issued and bail was set by a federal magistrate. The federal arrest warrant was lodged as a detainer at the Prince George's County Detention Center on September 23, 1985. On November 21, 1985, federal officers transported appellant to Baltimore to appear before a federal grand jury. Appellant's initial appearance before a federal magistrate in Baltimore occurred on December 10, 1985. Appellant was indicted on December 20, 1985 by a federal grand jury.
 
 
 6
 Appellant contended unsuccessfully in the trial court prior to his trial, and continues to contend in this appeal, that the time limitations of 18 U.S.C. Sec. 3161(b) were triggered on September 17, 1985 when the federal complaint was filed as a detainer and the federal arrest warrant was issued. 18 U.S.C. Sec. 3161(b) provides in relevant part as follows:
 
 
 7
 Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.
 
 
 8
 (Emphases added).[1]
 
 
 9
 The sanctions applicable in the event of a violation of 18 U.S.C. Sec. 3161(b) are set forth in 18 U.S.C. Sec. 3162(a)(1):
 
 
 10
 If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.
 
 
 11
 (Emphasis added).
 
 
 12
 In United States v. Iaquinta, 674 F.2d 260 (4th Cir.1982), a joint state-federal investigation began in August 1980. During that month the defendants were arrested and charged by the state. In December 1980, the federal prosecutor brought the matter before a federal grand jury, the latter indicted the defendants, and the defendants were arrested by federal officers. The defendants, contending that they had not been indicted within thirty days after their arrest, moved to dismiss the indictment for violation of 18 U.S.C. Sec. 3161(b). Determining that " 'the federal involvement in [the investigation and arrest] in August, 1980 was far reaching and much more extensive than would be normally undertaken by federal agents in merely assisting a state prosecution' ", the federal district court granted defendants' motion to dismiss. Id. at 263. On appeal, this Court reversed and remanded. In so doing, Judge Russell concluded: "Since the Act applies only to federal prosecutions it is only a federal arrest, not a state arrest, which will trigger the commencement of time limits set in the Act." Id. at 264, (emphasis in original). Judge Russell also wrote: "[S]ince there was no federal arrest of the defendants and no taking of them into federal custody until after they were indicted by a federal grand jury, there was no violation of the Speedy Trial Act in this prosecution." Id. at 267.
 
 
 13
 In United States v. Shahryar, 719 F.2d 1522 (11th Cir.1983), the Eleventh Circuit was faced with the question of whether "the filing of a federal warrant of arrest as a detainer with the state of Florida constituted an 'arrest' under the Act which would trigger the time limits of the Federal Speedy Trial Act." Id. at 1523. In that case, the following factual sequence took place:
 
 
 14
 (1) August 30, 1981: Appellant was arrested by state authorities on arson charges.
 
 
 15
 (2) September 3, 1981: Federal criminal complaint was filed in the district court based on alleged violations of federal statutes. The magistrate issued an arrest warrant and set a temporary bond of $1 million. This arrest warrant was lodged with the state authorities as a detainer against the appellant.
 
 
 16
 (3) January 12, 1982: State bond was reduced.
 
 
 17
 (4) January 27, 1982: Appellant posted bond on the state charges and federal custody began.
 
 
 18
 (5) February 10, 1982: Indictment was returned in the Southern District of Florida.
 
 
 19
 Id. at 1523. (Emphases added). In a per curiam opinion, the Eleventh Circuit, citing to and relying upon Iaquinta, answered the question presented in the case in the negative, noting: "For the time limit of the Act to commence a person must be held for the purpose of answering a federal charge." Id. at 1524-25. (Emphasis added). The Eleventh Circuit also wrote in Shahyrar:
 
 
 20
 Appellant advocates that the lodging of the federal complaint as a detainer with the state authorities and the setting of the bond by the federal magistrate on September 3, 1981, constituted an 'arrest' within the meaning of the Act and thus his case should have been dismissed because his indictment was handed down more than thirty days later. Appellant was in the state jail from August 30, 1981 until January 27, 1982. Since there was no federal arrest of the appellant and no taking of him into federal custody until he was turned over by the state authorities to the federal authorities, there was no violation of the Act in this prosecution.
 
 
 21
 Id. at 1524.
 
 
 22
 The appellant in the within case first appeared in federal court on December 10, 1985. He was first within the custody of federal law enforcement authorities on November 21, 1985 when such authorities transported appellant from the Prince George's County Detention Center to Baltimore in order for appellant to appear before a federal grand jury. Appellant was indicted on December 20, 1985, twenty-nine days after November 21, 1985. Appellant was neither arrested nor summoned on a federal charge within the meaning of 18 U.S.C. Sec. 3161(b) when appellant was transported to Baltimore November 21, 1985. However, in any event, that occurrence took place within thirty days of indictment. The detainer was lodged more than thirty days before the indictment but the detainer was not an arrest, see United States v. Shahryar, supra, nor was the detainer a summons. Accordingly, no provision of 18 U.S.C. Sec. 3161(b) was violated.
 
 
 23
 In a slightly earlier Eleventh Circuit case, United States v. Sayers, 698 F.2d 1128 (11th Cir.1983), no complaint or summons was issued until the indictment was handed down. The Court held that even though the appellant may have been under "arrest" more than thirty days before the indictment was filed, id. at 1130, the Speedy Trial Act was not triggered until "an individual is being held, either physically or legally to answer to a charge...." Id. at 1131. The Court, after noting that "the language of Section 3161(b) suggests that 'arrest' entails some accusation," explained that the words "against whom a complaint is filed" as used in 18 U.S.C. Sec. 3162(a)(1), "establishes that Congress intended the provisions of the Act to apply only if an individual was formally charged with an offense." Id. at 1131. In Sayers the Eleventh Circuit did not state--nor, to the knowledge of this Court, has any other Court stated--that a federal complaint without a federal arrest or any restraint resulting from federal action brings the combination of 18 U.S.C. Secs. 3161(b) and 3162(a)(1) into play. In United States v. Jones, 676 F.2d 327 (8th Cir.1982), Judge Ross reached "the conclusion that subsection 3161(b) is only applicable when the arrested individual is charged with an offense." Id. at 329. But again that means that section 3161(b) requires an arrest as well as a charge--and as Iaquinta makes clear the arrest must be a federal arrest upon a federal charge.[2] In sum, in order for the time limitations of 18 U.S.C. Secs. 3161(b) and 3162(a)(1) to become applicable, both a federal complaint and a federal arrest and/or federal summons are required.
 
 
 24
 Accordingly, neither the September 17, 1985, September 23, 1985 or November 21, 1985 events caused the time constraints of 18 U.S.C. Secs. 3161(b) and 3162(a)(1) to be triggered.[3]
 
 
 25
 Appellant also contends that the trial court erred in denying his motion for a judgment of acquittal at the end of the government's case and also at the end of the trial because the government did not present sufficient evidence to establish that appellant's acts had a sufficient effect upon interstate commerce. The statute pursuant to which appellant was indicted and convicted, namely 18 U.S.C. Sec. 1029(a), provides in relevant part: "Whoever ... knowingly and with intent to defraud produces, uses, or traffics in one or more counterfeit access devices ... shall, if the offense affects interstate or foreign commerce, be punished as provided" by the statute. (Emphases added).
 
 
 26
 While evidence was presented at trial by the government regarding certain interstate and international aspects of the VISA credit card system, the district court instructed the jury that an interstate telephone call by the bank manager in Maryland to the VISA Authorization Center in North Carolina was in and of itself sufficient to meet the interstate component of the statute if the jury found beyond a reasonable doubt that such a call had been made. That instruction comports with the clear wording of the statute. In addition, the legislative history of the Act supports the said jury instruction. The Senate report reveals that Congress intended that certain limitations set forth within the Act plus the exercise of prosecutorial discretion, would ensure that only cases actually requiring federal involvement would be federally prosecuted. See S.Rep. No. 368, 98th Cong., 2d Sess. 10, reprinted in 1984 U.S.Code Cong. & Ad.News 3647, 3656. It is also to be noted that one provision of the Act requires that in order for a person to be convicted of possession of counterfeit credit cards, that person must have possessed at least fifteen counterfeit credit cards. 18 U.S.C. Sec. 1029(a)(3). In contrast, the portion of the Act pursuant to which appellant was convicted only requires that a person who uses "one or more" counterfeit cards is subject to conviction. 18 U.S.C. Sec. 1029(a)(1). Finally, the bill originally passed by the Senate articulated three ways in which the commerce requirement could be met, see S. 1870, 98th Cong., 1st Sess. (1983), whereas the statute ultimately passed by Congress refers broadly to an offense which "affects interstate commerce." 18 U.S.C. Sec. 1029. The statutory language of the statute as enacted, together with the legislative history, establishes that Congress intended the Act to provide "a very broad jurisdictional basis." See S.Rep. 368, 98th Cong., 2d Sess. 10, reprinted in 1984 U.S.Code Cong. & Ad.News 3647, 3656. Accordingly, the trial court did not err in denying appellant's motion for a judgment of acquittal.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Appellant does not claim herein any violation of any of his constitutional rights because of any delay
 
 
 [2]
 See also United States v. Amuny, 767 F.2d 1113, 1120-21 (5th Cir.1985); United States v. Maruska, 717 F.2d 1222 (8th Cir.1983); United States v. Ferrs, 503 F.Supp. 187 (E.D.Pa.1980); and United States v. Dixon, 446 F.Supp. 58 (D.D.C.1978), and cases discussed and cited therein
 
 
 [3]
 Even if this Court concluded that 18 U.S.C. Sec. 3161(b) was violated herein--which this Court does not--it may be that the time spent by appellant in state custody was excludable under 18 U.S.C. Sec. 3161(h)(1) because of the pending state charges against him. See United States v. Lopez-Espindola, 632 F.2d 107, 109-10 (9th Cir.1980); United States v. Goodwin, 612 F.2d 1103, 1105 (8th Cir.), cert. denied, 446 U.S. 986, 100 S.Ct. 2971, 64 L.Ed.2d 844 (1980); United States v. Allsup, 573 F.2d 1141, 1144 (9th Cir.), cert. denied, 436 U.S. 961, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978). Accordingly, it may be that the thirty-day period of 18 U.S.C. Sec. 3161(b) had not run in this case when appellant was indicted on December 20, 1985 because of the existence of excludable time under 18 U.S.C. Sec. 3161(h)(1). But that question of exclusion need not be reached herein because speedy trial time had not run in this case in the first place for the reasons set forth supra in the body of this opinion