**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Robert Perry SUMMERS**
**Defendant–Appellant.**

**No. 89–5560.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1989.

Decided Jan. 16, 1990.

Harold Johnson Bender Charlotte, N.C., for defendant-appellant.

Max Oliver Cogburn, Jr., Asst. U.S. Atty. Asheville, N.C. (Thomas J. Ashcraft, U.S. Atty., Charlotte, N.C., on brief) for plaintiff-appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and NORTHROP, Senior District Judge for the District of Maryland, sitting by designation.

MURNAGHAN, Circuit Judge:

On May 4, 1988, a North Carolina grand jury indicted Robert Summers for dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1) and 924. Summers contested the indictment on the grounds that the government violated the Speedy Trial Act ("Act") because five months had passed since an initial encounter with federal agents, detailed below, during which Summers claims he was arrested. A magistrate held a hearing, made findings of fact and recommended that the charges against Summers be dismissed without

prejudice because the government had violated the Act. The government objected to, and appealed, the magistrate's conclusion to the United States District Court for the Western District of North Carolina. The district court held for the government, finding that the Act had not been violated. Summers has appealed.

Summers argues that the events of December 3, 1987, should have triggered the Act. On that day, Bureau of Alcohol, Tobacco and Firearms undercover agents John Lorick and David Deal entered Summers' home. According to the magistrate's findings, after Summers showed the agents several guns and discussed their selling price, the agents "announced their identities, showed their badges, and required [Summers] to sit down. The agents then read [Summers] his *Miranda* rights. Although the agents told [Summers] they 'were not taking him in' that night, they took front and side photographs of him, and questioned him for the purpose of filling out" a Department of Treasury personal history form. While detaining Summers, the agents photographed and seized several of Summers' guns. During the course of the detention, Summers was not permitted to make any phone calls and was accompanied to the kitchen when he went to get a glass of water. Although the Government contests the point, Summers claims that the agents told him he was under arrest.

The Act provides that an indictment charging an individual with an offense shall be filed within thirty days from the date on which such individual was arrested in connection with such charges. 18 U.S.C. § 3161(b). As for sanctions, the Act provides:

> If, in the case of any individual *against whom a complaint is filed* charging such individual with an offense, no indictment or information is filed within [thirty days], such charge against that individu-

al contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1) (emphasis added).

Many courts have held that the Act's thirty-day time limit does not commence until formal charges have been filed against the defendant. *See United States v. Janik*, 723 F.2d 537, 542 (7th Cir.1983); *United States v. Alfarano*, 706 F.2d 739, 741 (6th Cir.), *cert. denied*, 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Candelaria*, 704 F.2d 1129, 1131–32 (9th Cir.1983); *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir. 1983); *United States v. Jones*, 676 F.2d 327, 331 (8th Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982). These courts have relied on the fact that § 3162(a)(1), the Act's sanctions provision, mentions only individuals "against whom a complaint has been filed." The analysis of some of these courts has been informed also by *United States v. MacDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982), which held that "no Sixth Amendment right to speedy trial arises until charges are pending." *See Janik*, 723 F.2d at 542; *Sayers*, 698 F.2d at 1131; *Jones*, 676 F.2d at 330–31. Our circuit has yet to address this issue.[1] We now join the other circuits by holding that the Act's thirty-day time limit does not commence until formal charges have been filed against the defendant. Accordingly, even if the detention of Summers constituted an arrest in some other sense of the word, it did not constitute an arrest for purposes of the Act because no charges were issued against him. Thus, the judgment of the district court is

AFFIRMED.

---

**1.** However, in the somewhat inverted context of a defendant against whom a summons was issued on September 17, but who was not arrested until November 21 and against whom an indictment issued on December 20, we held that the Act was not violated because the summons alone did not trigger the Act's time limitations. *United States v. Lee*, 818 F.2d 302, 305 (4th Cir.1987). The time limitation was triggered by the November 21 arrest, not by the September 17 summons. In dictum we adopted the position of the other circuits when we wrote:

> In sum, in order for the time limitations of [the Act] to become applicable, *both* a federal complaint and a federal arrest and/or federal summons are required.

818 F.2d at 305 (emphasis in original).