962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Winston J. BROWN, Defendant-Appellant.
 No. 91-5841.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1992
Decided: May 21, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., District Judge. (CR-89-149-R-H)
 Winston J. Brown, Appellant Pro Se.
 Ray Burton Fitzgerald, Jr., Office of The United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Winston J. Brown appeals from his jury convictions of carrying a firearm in relation to a drug trafficking offense (18 U.S.C.A. § 924(c) (West Supp. 1991)) and possession of cocaine with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp. 1991)). He received a sentence of 260 months imprisonment. Because we find that Brown received a timely, fair jury trial and because sufficient evidence supports his convictions, we affirm.
 
 
 2
 A state police officer testified at Brown's trial that in October 1989 he pursued Brown when he observed him trespassing on public school grounds late at night. He apprehended Brown with the assistance of another officer who arrived on the scene. In a search of Brown's person, the officers recovered a vial from his pocket which contained sixty-three individual squares of cocaine base and a plastic bag containing twenty crystals from his sock. The officers also found bullets and over $9000 in cash on Brown's person. During their pursuit of Brown, the officers observed Appellant place a large dark object by a telephone pole. The officers later discovered a loaded gun by the pole. Brown was arrested and charged with state crimes. Those charges were nolle prossed in February 1990.
 
 
 3
 The federal arrest warrant charging Brown with the firearm and drug crimes issued as a detainer of Brown in the state jail in November 1989. A federal grand jury later indicted him for those offenses. Brown's federal detention hearing occurred on March 6, 1990, after two delays caused by Brown's attempts to secure counsel. Brown's attorney filed a speedy trial motion in federal court on March 26, 1990. On April 3, the court granted Appellant's motion that Brown receive a psychiatric examination at Butner; the court received the report on May 29. Brown's trial began on September 17, 1990.
 
 
 4
 The Speedy Trial Act of 1974 provides for a maximum of seventy days between indictment and trial subject to specific delays which toll the time period. 18 U.S.C. § 3161(c), (h) (1988). The Act applies from the time a defendant is arrested under federal law. United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982). Neither a detainer nor transport to federal court trigger application of the Act. United States v. Lee, 818 F.2d 302, 305 (4th Cir. 1987). The Act requires both a federal complaint and a federal arrest and/or federal summons. Id. All time between the filing of a pre-trial motion and the conclusion of hearing and briefing on the motion is excluded. 18 U.S.C. § 3161(h)(1)(F); Henderson v. United States, 476 U.S. 321 (1986); United States v. Shear, 825 F.2d 783 (4th Cir. 1987), cert. denied, 489 U.S. 1087 (1989).
 
 
 5
 After a hearing on Brown's speedy trial motion, the court concluded that the seventy-day period should be measured from March 6, the date Brown was officially detained on federal charges. The court noted that the time Brown spent at Butner for a psychiatric evaluation could not be charged against the government and that any delay resulting from the speedy trial motion, from the filing through disposition, should not be considered in calculating the time period. Therefore, the court excluded the time between March 26 and September 17. We find that the court did not err in its calculations under the terms of the Speedy Trial Act. See United States v. Blackmon, 874 F.2d 378 (6th Cir.), cert. denied, 493 U.S. 859 and 862 (1989); United States v. Thompson, 866 F.2d 268 (8th Cir.), cert. denied, 493 U.S. 828 (1989).
 
 
 6
 Brown alleges that he received ineffective assistance of counsel. Following a federal conviction, an ineffective assistance of counsel claim should be raised by a motion under 28 U.S.C.s 2255 (1988) in the district court and not on direct appeal, unless it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). Since it does not conclusively appear on this trial record that counsel did not provide effective representation, Brown should assert this claim in a § 2255 proceeding, not on direct appeal.
 
 
 7
 Brown alleges that the evidence was not sufficient to support his convictions. This Court must sustain a verdict if there is substantial evidence to support it when viewed in the light most favorable to the government. Glasser v. United States, 315 U.S . 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). This Court does not weigh evidence or review credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), cert. denied, 465 U.S. 1028 (1984).
 
 
 8
 Construed in the light most favorable to the government, the evidence presented at trial was sufficient to support Appellant's convictions. Police officers testified that they recovered from Brown a large quantity of cocaine, $9000 in cash, and ammunition. They found a loaded gun at a location where they observed Brown place a large, dark object.
 
 
 9
 Brown alleges that the district court judge was racist. We have reviewed the entire record, including the transcript of the trial, and find that such an allegation is completely unsupported by the record.
 
 
 10
 Brown alleges that the police deprived him of money and clothes. A direct criminal appeal is not the appropriate route to raise this claim. Brown should assert this claim in an action under 42 U.S.C. § 1983 (1988) or in Virginia state courts.
 
 
 11
 Because we find that the district court properly applied the Speedy Trial Act, that there was sufficient evidence to support his convictions, that the court did not demonstrate racial bias, and that the remainder of Brown's claims should not be raised in a direct criminal appeal, we affirm his convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid disposition of this appeal.
 
 AFFIRMED