[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-1793

 UNITED STATES,

 Appellee,

 v.

 ERICKSON ALVELO-RAMOS,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.

 Joseph C. Laws, Jr., Federal Public Defender, and Edgardo
Rodriguez-Quilichini, Assistant Federal Public Defender, on brief
for appellant.
 Guillermo Gil, United States Attorney, Camille Velez-Rive,
Assistant United States Attorney, and Jose A. Quiles-Espinosa,
Senior Litigation Counsel, on brief for appellee.

July 27, 1998

 Per Curiam. Erickson Alvelo-Ramos appeals from his
conviction under 18 U.S.C. 1029(a), of possessing cloned
cellular telephones and cloning hardware and software. 
Presented as a sufficiency of the evidence challenge, in effect
Alvelo-Ramos' appeal challenges the jury instructions
concerning 1029(a)'s requirement that the offense "affect[]
interstate and foreign commerce." Under United States v.
Lopez, 514 U.S. 549 (1995), Alvelo-Ramos argues, the government
was required to prove that the offenses had a "substantial"
effect on interstate commerce. In the alternative, Alvelo-
Ramos argues that if the statute does not require proof of a
"substantial" effect on interstate commerce, then it exceeds
Congress' powers under the Commerce Clause, as interpreted in
Lopez.
 I. Statutory Construction
 We review questions of statutory construction de
novo. United States v. Cardoza, 129 F.3d 6, 10 (1st Cir. 1997).
Section 1029(a) contains a jurisdictional element which
requires that, to be punishable, an offense must "affect[]
interstate or foreign commerce."
 Cases interpreting 18 U.S.C. 1029(a), usually in
the context of credit card fraud offenses, have required only
a minimal nexus to interstate commerce. See United States v.
Bolton, 68 F.3d 396, 400 (10th Cir. 1995)(possession of stolen
credit cards bearing out-of-state addresses was sufficient to
establish requisite effect on interstate commerce); United
States v. Rushdan, 870 F.2d 1509, 1514 (9th Cir. 1989)(illicit
possession of out-of-state credit card account numbers, even
without their use, is sufficient effect on interstate
commerce); United States v. Lee, 818 F.2d 302, 305 (4th Cir.
1987) (upholding jury instruction that proof of single
interstate phone call by bank manager in connection with
defendant's attempted use of a counterfeit credit card to
obtain a cash advance would meet the interstate commerce
requirement).
 Appellant argues that, under Lopez, the
jurisdictional element in 1029(a) now requires the government
to prove that the offenses had a "substantial" effect on
interstate commerce. This court recently rejected an argument,
similar to the one raised here, that "Lopez impliedly changes
the meaning of the jurisdictional element present [to require
a substantial effect on interstate commerce] before
[defendant's] conviction [under 18 U.S.C. 922(g)] passes
Commerce Clause scrutiny." Cardoza, 129 F.3d at 11; see alsoUnited States v. Smith, 101 F.3d 202, 215 (1st Cir. 1996);
United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir.
1995). The Cardoza court reasoned that
 when the [Lopez] Court stated that "the
 proper test requires an analysis of
 whether the regulated activity
 'substantially affects' interstate
 commerce," Lopez, 514 U.S. at 559, it was
 not revising the government's burden of
 proof on a jurisdictional element in
 criminal proceedings, but instead
 identifying the extent to which purely
 intrastate activities must impact
 interstate activities before Congress may
 legislate under the Commerce Clause. 
 Therefore, because the Court had no
 occasion in Lopez to reach the question,
 it remains the law that where a federal
 criminal contains a jurisdictional element
 requiring proof that an object was "in or
 affecting" commerce, the government need
 only meet the "minimal nexus" test
 enunciated in Scarborough v. United
 States, 431 U.S. 563, 577 (1977).

Cardoza, 129 F.3d at 11.
 Applying that reasoning here, it follows that Lopezalso did not revise the government's burden of proof with
respect to the jurisdictional element in 18 U.S.C. 1029(a).
Cf. United States v. Clayton, 108 F.3d 1114, 1117 (9th Cir.
1997) (rejecting Clayton's argument that under Lopez, 18 U.S.C.
 1029(a) requires the government to prove a "substantial"
effect on interstate commerce). Accordingly, the cases
interpreting 1029(a) to require only a minimal nexus to
interstate commerce continue to control after Lopez. The
district court did not err in instructing the jury that it
could find that the requisite connection to interstate commerce
was satisfied if it found that the cloned cell phones had the
capacity to make interstate calls. 

 II. Sufficiency of the Evidence
 "With respect to Appellant's claim that there was
insufficient evidence to sustain his convictions, Appellant
'faces an uphill climb,' United States v. Valle, 72 F.3d 210,
216 (1st Cir. 1995). 'If the evidence presented, taken in the
light most agreeable to the government is adequate to permit a
rational jury to find each essential element of the offense of
conviction beyond a reasonable doubt, then [Appellant's] claim
fails.' Id." United States v. DiSanto, 86 F.3d 1238, 1246 (1st
Cir. 1996), cert. denied, 117 S. Ct. 1109 (1997).
 The evidence presented in this case is adequate to
permit a rational jury to find that the cloned phones were
manufactured outside of Puerto Rico and that they had the
capacity to make long-distance interstate calls. Therefore,
the evidence was sufficient for the jury to find that the
offenses affected interstate commerce. Alvelo-Ramos'
sufficiency of the evidence claim fails. 
 III. Constitutional Challenge
 "We review de novo constitutional challenges to
federal statutes." United States v. Bongiorno, 106 F.3d 1027,
1030 (1st Cir. 1997). Appellant argues that if 1029(a) does
not require proof of a "substantial" effect on interstate
commerce, then the reasoning of Lopez should apply to
invalidate the statute as beyond Congress' affirmative powers
under the Commerce Clause. The statute under which appellant
was convicted differs from the statute struck down in Lopez,
however, in two important respects. First, "the statute at
issue in [Lopez], 18 U.S.C. 922(q), 'contain[ed] no
jurisdictional element which would ensure, through case-by-case
inquiry, that the [offense] in question affects interstate
commerce.'" Diaz-Martinez, 71 F.3d at 953. Section 1029(a), by
contrast, extends only to offenses that "affect[] interstate or
foreign commerce."
 Second, 1029(a) regulates the possession and sale
of cloned cell phones, an activity that uses channels of
interstate commerce and involves instrumentalities of
interstate commerce. Lopez "identified three general
categories of activity that lawfully can be regulated under the
Commerce Clause: (1) activities that involve use of the
channels of interstate commerce, (2) activities that implicate
the instrumentalities of interstate commerce (including persons
or things in interstate commerce), and (3) activities that have
a substantial relation to, or substantially affect, interstate
commerce." Bongiorno, 106 F.3d at 1031. Because 1029 falls
within the first and/or second Lopez categories, there is no
additional requirement that the regulated activities be shown
to "substantially affect" interstate commerce. See Clayton, 108
F.3d at 1117.
 Alvelo-Ramos' conviction and sentence are affirmed.