USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-1793

 UNITED STATES,

 Appellee,

 v.

 ERICKSON ALVELO-RAMOS,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF PUERTO RICO
 
 [Hon. Jose Antonio Fuste, U.S. District Judge]
 

 Before
 
 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 

 Joseph C. Laws, Jr., Federal Public Defender, and Edgardo
Rodriguez-Quilichini, Assistant Federal Public Defender, on brief
for appellant.
 Guillermo Gil, United States Attorney, Camille Velez-Rive,
Assistant United States Attorney, and Jose A. Quiles-Espinosa,
Senior Litigation Counsel, on brief for appellee.

July 27, 1998

 
 
 Per Curiam. Erickson Alvelo-Ramos appeals from his
 conviction under 18 U.S.C. 1029(a), of possessing cloned
 cellular telephones and cloning hardware and software. 
 Presented as a sufficiency of the evidence challenge, in effect
 Alvelo-Ramos' appeal challenges the jury instructions
 concerning 1029(a)'s requirement that the offense "affect[]
 interstate and foreign commerce." Under United States v.
 Lopez, 514 U.S. 549 (1995), Alvelo-Ramos argues, the government
 was required to prove that the offenses had a "substantial"
 effect on interstate commerce. In the alternative, Alvelo-
 Ramos argues that if the statute does not require proof of a
 "substantial" effect on interstate commerce, then it exceeds
 Congress' powers under the Commerce Clause, as interpreted in
 Lopez.
 I. Statutory Construction
 We review questions of statutory construction de
 novo. United States v. Cardoza, 129 F.3d 6, 10 (1st Cir. 1997).
 Section 1029(a) contains a jurisdictional element which
 requires that, to be punishable, an offense must "affect[]
 interstate or foreign commerce."
 Cases interpreting 18 U.S.C. 1029(a), usually in
 the context of credit card fraud offenses, have required only
 a minimal nexus to interstate commerce. See United States v.
 Bolton, 68 F.3d 396, 400 (10th Cir. 1995)(possession of stolen
 credit cards bearing out-of-state addresses was sufficient to
 establish requisite effect on interstate commerce); United
 States v. Rushdan, 870 F.2d 1509, 1514 (9th Cir. 1989)(illicit
 possession of out-of-state credit card account numbers, even
 without their use, is sufficient effect on interstate
 commerce); United States v. Lee, 818 F.2d 302, 305 (4th Cir.
 1987) (upholding jury instruction that proof of single
 interstate phone call by bank manager in connection with
 defendant's attempted use of a counterfeit credit card to
 obtain a cash advance would meet the interstate commerce
 requirement).
 Appellant argues that, under Lopez, the
 jurisdictional element in 1029(a) now requires the government
 to prove that the offenses had a "substantial" effect on
 interstate commerce. This court recently rejected an argument,
 similar to the one raised here, that "Lopez impliedly changes
 the meaning of the jurisdictional element present [to require
 a substantial effect on interstate commerce] before
 [defendant's] conviction [under 18 U.S.C. 922(g)] passes
 Commerce Clause scrutiny." Cardoza, 129 F.3d at 11; see alsoUnited States v. Smith, 101 F.3d 202, 215 (1st Cir. 1996);
 United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir.
 1995). The Cardoza court reasoned that
 when the [Lopez] Court stated that "the
 proper test requires an analysis of
 whether the regulated activity
 'substantially affects' interstate
 commerce," Lopez, 514 U.S. at 559, it was
 not revising the government's burden of
 proof on a jurisdictional element in
 criminal proceedings, but instead
 identifying the extent to which purely
 intrastate activities must impact
 interstate activities before Congress may
 legislate under the Commerce Clause. 
 Therefore, because the Court had no
 occasion in Lopez to reach the question,
 it remains the law that where a federal
 criminal contains a jurisdictional element
 requiring proof that an object was "in or
 affecting" commerce, the government need
 only meet the "minimal nexus" test
 enunciated in Scarborough v. United
 States, 431 U.S. 563, 577 (1977).
 
 Cardoza, 129 F.3d at 11.
 Applying that reasoning here, it follows that Lopezalso did not revise the government's burden of proof with
 respect to the jurisdictional element in 18 U.S.C. 1029(a).
 Cf. United States v. Clayton, 108 F.3d 1114, 1117 (9th Cir.
 1997) (rejecting Clayton's argument that under Lopez, 18 U.S.C.
 1029(a) requires the government to prove a "substantial"
 effect on interstate commerce). Accordingly, the cases
 interpreting 1029(a) to require only a minimal nexus to
 interstate commerce continue to control after Lopez. The
 district court did not err in instructing the jury that it
 could find that the requisite connection to interstate commerce
 was satisfied if it found that the cloned cell phones had the
 capacity to make interstate calls. 
 
 II. Sufficiency of the Evidence
 "With respect to Appellant's claim that there was
 insufficient evidence to sustain his convictions, Appellant
 'faces an uphill climb,' United States v. Valle, 72 F.3d 210,
 216 (1st Cir. 1995). 'If the evidence presented, taken in the
 light most agreeable to the government is adequate to permit a
 rational jury to find each essential element of the offense of
 conviction beyond a reasonable doubt, then [Appellant's] claim
 fails.' Id." United States v. DiSanto, 86 F.3d 1238, 1246 (1st
 Cir. 1996), cert. denied, 117 S. Ct. 1109 (1997).
 The evidence presented in this case is adequate to
 permit a rational jury to find that the cloned phones were
 manufactured outside of Puerto Rico and that they had the
 capacity to make long-distance interstate calls. Therefore,
 the evidence was sufficient for the jury to find that the
 offenses affected interstate commerce. Alvelo-Ramos'
 sufficiency of the evidence claim fails. 
 III. Constitutional Challenge
 "We review de novo constitutional challenges to
 federal statutes." United States v. Bongiorno, 106 F.3d 1027,
 1030 (1st Cir. 1997). Appellant argues that if 1029(a) does
 not require proof of a "substantial" effect on interstate
 commerce, then the reasoning of Lopez should apply to
 invalidate the statute as beyond Congress' affirmative powers
 under the Commerce Clause. The statute under which appellant
 was convicted differs from the statute struck down in Lopez,
 however, in two important respects. First, "the statute at
 issue in [Lopez], 18 U.S.C. 922(q), 'contain[ed] no
 jurisdictional element which would ensure, through case-by-case
 inquiry, that the [offense] in question affects interstate
 commerce.'" Diaz-Martinez, 71 F.3d at 953. Section 1029(a), by
 contrast, extends only to offenses that "affect[] interstate or
 foreign commerce."
 Second, 1029(a) regulates the possession and sale
 of cloned cell phones, an activity that uses channels of
 interstate commerce and involves instrumentalities of
 interstate commerce. Lopez "identified three general
 categories of activity that lawfully can be regulated under the
 Commerce Clause: (1) activities that involve use of the
 channels of interstate commerce, (2) activities that implicate
 the instrumentalities of interstate commerce (including persons
 or things in interstate commerce), and (3) activities that have
 a substantial relation to, or substantially affect, interstate
 commerce." Bongiorno, 106 F.3d at 1031. Because 1029 falls
 within the first and/or second Lopez categories, there is no
 additional requirement that the regulated activities be shown
 to "substantially affect" interstate commerce. See Clayton, 108
 F.3d at 1117.
 Alvelo-Ramos' conviction and sentence are affirmed.