**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 00-4037

STEVEN DENNIS JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-127)

Submitted: August 31, 2000

Decided: September 18, 2000

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Arthur Gavin, WHITE, BLACKBURN & CONTE, P.C.,
Richmond, Virginia, for Appellant. Helen Fahey, United States Attor-
ney, Sara E. Flannery, Special Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Dennis Jones appeals the jury's verdict convicting him of ten counts of bank fraud in violation of 18 U.S.C.§ 1344 (1994), one count of credit card fraud in violation of 18 U.S.C.§ 1029(a)(5) (1994), and twenty-five counts of wire fraud in violation of 18 U.S.C. § 1343 (1994). Through his restaurant, the French Quarters in Richmond, Virginia, Jones perpetrated a scheme to defraud his customers, several credit card companies, and the third party processors of the credit card charges. Jones used his restaurant's contractual relationship with various credit card companies to overcharge his customers by exorbitant amounts, obtain wire transfers from his third party processors, NOVA and First USA, and withdraw those funds from his business account with First Union National Bank before the transfers could be traced. Jones took advantage of the time lag between the issuance of money by the third party processors and the ultimate approval of the charges by the credit card companies by quickly removing those funds from the restaurant's account. After a two-day trial, which involved extensive documentary evidence of Jones's scheme, the jury returned a guilty verdict against Jones.

On appeal, Jones suggests that his convictions are not supported by sufficient evidence. This court reviews a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v.

2

United States, 437 U.S. 1, 17 (1978)). During this inquiry, this court neither weighs evidence nor reviews witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The central thrust of Jones's argument with respect to each of the counts is that there were no eyewitnesses to Jones's overcharging of personal credit cards or issuing charges against his own card. Notwithstanding the absence of eyewitness evidence in this regard, the Government's reliance on documentary evidence to establish much of the scheme, and the remaining possibility that someone else could have actually keyed in the credit cards as part of the scheme, the evidence at trial was sufficient to support Jones's conviction. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989) (finding circumstantial evidence should be treated no differently than direct evidence and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence). Jones's other suggestions of error with respect to the sufficiency of the evidence either misstate the elements of the offense, see 18 U.S.C. 1344(a), or invite us to revisit the credibility of the prosecution's witnesses. See United States v. Lamarr , 75 F.3d 964, 973 (4th Cir. 1996). We also have no difficulty concluding that the Government demonstrated that Jones's offense affected interstate commerce. See United States v. Lee, 818 F.2d 302, 305 (4th Cir. 1987).

Finding no merit to this appeal, we affirm Jones's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED