**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4271**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NATHAN MATTOCKS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:21-cr-00006-RBS-DEM-1)

───────────────

Submitted: March 3, 2025                      Decided:  June 10, 2025

───────────────

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Andrew M. Stewart, SLOANE STEWART PLLC, Fairfax, Virginia, for Appellant.  Kenneth P. Kaplan, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jessica D. Aber, United States Attorney, Richmond, Virginia, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Mattocks argues that his federal prosecution was barred by the Speedy Trial Act, and thus his convictions must be vacated. *See* 18 U.S.C. § 3161. We disagree and affirm his convictions.

In August 2020, Mattocks was arrested by the Commonwealth of Virginia for violations of state law. On January 28, 2021, the United States filed a criminal complaint against Mattocks, issued an arrest warrant, and sent a detainer to notify the Commonwealth of the federal warrant. On February 1, the Commonwealth resolved his pending state charges. But based on the federal detainer, Mattocks remained in state custody after the Commonwealth abandoned its charges. On February 3, the U.S. Marshals arrested Mattocks at the state prison.

The Government moved for pretrial detention at Mattocks's initial appearance on February 5. After a hearing on February 10, a magistrate judge ordered that Mattocks be detained pending trial. On March 5, Mattocks was indicted by a federal grand jury on several drug and firearm offenses.

Mattocks sought to dismiss the indictment because, his theory goes, the delay between his federal arrest and indictment exceeded the Speedy Trial Act's timeliness requirements. The district court denied this motion, as well as Mattocks's subsequent motion for reconsideration, finding that his federal custody began on February 3. At trial, a jury convicted Mattocks on eleven counts. He now argues his convictions should be

2

vacated because the district court erred in failing to dismiss his indictment under the Speedy Trial Act.[1]

The Speedy Trial Act provides that, generally, "[a]ny . . . indictment charging an individual with the commission of an offense shall be filed *within* thirty days from the date on which such individual was arrested or served with a summons." 18 U.S.C. § 3161(b) (emphasis added). In other words, § 3161(b) requires "that no *more than* 30 days pass between arrest and indictment." *Betterman v. Montana*, 578 U.S. 437, 445 (2016).

This clock begins when a defendant faces "any restraint resulting from federal action" "for the purpose of answering a *federal* charge." *Woolfolk*, 399 F.3d at 596 (quoting *United States v. Lee*, 818 F.2d 302, 304–05 (4th Cir. 1987)). Often this will be "federal arrest upon a federal charge," but it need not be. *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (quoting *Lee*, 818 F.2d at 305). A federal "detainer" alone, however, is "not an arrest" or "a summons" and thus does not start the clock. *Lee*, 818 F.2d at 304. And so here, the earliest possible trigger date is February 1—when state custody ended, but where Mattocks nevertheless remained in detention.

The Federal Rules of Criminal Procedure provide one more relevant guideline for calculating speedy trial dates. Fed. R. Crim. P. 45(a). Under the Federal Rules, the time period does not include "the day of the event that triggers the period." Fed. R. Crim. P. 45(a)(1)(A). In other words, the first speedy trial day is the one *after* a defendant enters

---

[1] We have jurisdiction under 28 U.S.C. § 1291. "We review the district court's factual findings on a motion to dismiss an indictment for clear error, but we review its legal conclusions de novo." *United States v. Woolfolk*, 399 F.3d 590, 594 (4th Cir. 2005).

the relevant federal restraint; thus, the earliest Mattocks' clock could start is February 2—the day after his state charges were resolved.

But some days between the initial restraint and the indictment are excluded from the calculation. The Speedy Trial Act says any "delay resulting from any pretrial motion . . . through the conclusion of the hearing on . . . such motion" "shall be excluded in computing the time." 18 U.S.C. §§ 3161(h)(1)(D). So, at a minimum, the time calculation does not include any day that a party files a motion, as well as the day that the court decides it. *United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993) (citing *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984)). So here, at least two days are excluded from the speedy trial period: Mattocks's February 5 initial appearance where the United States moved for pretrial detention, and his February 10 hearing when the court granted that motion.[2]

Armed with these building blocks, we can resolve Mattocks' claim. Mattocks plausibly entered federal restraint for Speedy Trial Act purposes on February 1, 2, or 3. Even applying *arguendo* the date most favorable to Mattocks, he loses. There are 32 days between February 2, his start date under Rule 45(a)(1)(A), and March 5, his indictment.[3] A minimum of 2 days are excluded (February 5 and 10). That brings his speedy trial clock

---

[2] To be clear, we express no opinion as to whether the days between the submission and resolution of the motion should have been excluded as well, *cf. Henderson v. United States*, 476 U.S. 321, 330 (1986), whether the government had constructive knowledge of Mattocks's detention on February 1, or about any other reason the speedy trial clock may have been tolled.

[3] 2021 was not a leap year.

4

to 30 days. So even with the most generous interpretation of the facts, Mattocks was indicted "within thirty days" of his detention.

Thus, the district court decision must be

*AFFIRMED.*