**UNITED STATES of America**

v.

**Tomas Andres ACUNA, Defendant.**

**No. EP–05–CR–781–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 26, 2007.

Billy Don Hicks, Assistant United States Attorney, El Paso, TX, for Plaintiff.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

MARTINEZ, District Judge.

On this day, the Court considered Defendant Tomas Andres Acuna's "Motion to Dismiss the Indictment with Prejudice" ("Motion to Dismiss"), filed on December 22, 2006; the Government's "Response to Defendant's Motion to Dismiss the Indictment with Prejudice" ("Response"), filed on January 22, 2007; Defendant's "Reply to Government's Response to Motion to Dismiss the Indictment with Prejudice," filed on February 2, 2007; and the oral arguments presented by counsel for each party at a hearing held on February 13, 2007, in the above-captioned cause. After careful consideration, the Court is of the opinion that Defendant's Motion to Dismiss should be denied for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2004, Defendant was arrested by officers of the El Paso Police Department and charged with violations of state law, including unlawful possession of a firearm by a felon and tampering with identification numbers ("the state felony charges"). Govt.'s Resp. 3. In July 2004, Assistant District Attorney Bill D. Hicks ("Mr.Hicks") declined prosecution of the state felony charges "in favor of federal prosecution." *Id.* at 4. A federal indictment was filed on April 6, 2005, charging Defendant with: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); (2) fugitive from justice in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2); and (3) receipt of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). The indictment alleges that the offenses occurred on or about February 15, 2004, and it is undisputed that the indictment arose out of Defendant's arrest on February 15, 2004. Three months prior to the issuance of the instant indictment, on January 5, 2005, Defendant was convicted of illegal reentry and sentenced to eighty-five months imprisonment, in cause number EP–04–CR–1740–KC. The indictment in that cause also alleges that the offense conduct occurred on or about February 15, 2004.

Seventeen months after the filing of the indictment in the instant cause, on September 21, 2006, Defendant was served with a detainer relating to the instant charges. Govt.'s Resp. 5. Defendant's initial appearance occurred on November 14, 2006. Defendant presents three grounds warranting dismissal of the indictment: (1) violations of the Speedy Trial Act, the Speedy Trial Clause of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment as well as unnecessary delay warranting dismissal pursuant to Federal Rule of Criminal Procedure 48(b); (2) violation of the Double Jeopardy Clause of the Fifth Amendment (barring prosecution of Count One); and (3) prosecutorial misconduct. Def.'s Mot. to Dismiss 4, 8.

## II. DELAY AND THE SPEEDY TRIAL PROTECTIONS

### A. The Speedy Trial Act

Defendant argues that the provision of 18 U.S.C. § 3161(c)(1), which sets forth the seventy-day clock for when trial should begin, has been violated. Def.'s Mot. to Dismiss 10. 18 U.S.C. § 3161(c)(1) states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment

with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date *last* occurs.

18 U.S.C. § 3161(c)(1) (emphasis added). Defendant argues that the latter date is April 6, 2005, the date of the indictment, as opposed to November 14, 2006, the date of his initial appearance. Def.'s Mot. to Dismiss 10. However, the statute is clear: the seventy-day clock started running in this cause on November 14, 2006, the date of Defendant's initial appearance, because the indictment preceded his initial appearance. 18 U.S.C. § 3161(c)(1); *United States v. Garcia*, 995 F.2d 556, 559 (5th Cir.1993) (per curiam). Furthermore, any appearance by Defendant before state authorities in connection with the state charges is irrelevant, as the statute states that the appearance must be "before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1); *United States v. Wilson*, 657 F.2d 755, 767 (5th Cir.1981) ("[A] state arrest does not trigger the time provisions of … the federal Speedy Trial Act.").

Because the state arrest does not trigger the Speedy Trial Act deadlines, the requirement in 18 U.S.C. § 3161(b) that an indictment be issued within thirty days after arrest is not applicable; that thirty-day clock begins to run at the time a defendant "is arrested and taken into continuous *federal* custody." *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir.1987) (emphasis added). Therefore, no violations of the Speedy Trial Act have yet occurred, and dismissal of the indictment is not warranted.

### B. The Speedy Trial Clause of the Sixth Amendment

■ The right to a speedy trial guaranteed by the Sixth Amendment "attaches at the time of arrest or indictment, whichever comes first." *Garcia*, 995 F.2d at 560. It is possible to have a Sixth Amendment speedy trial violation where there is compliance with the Speedy Trial Act. However, the Fifth Circuit has stated that "[i]t will be the unusual case, however, where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir.2002).

■ To determine whether the speedy trial right has been violated, a court must weigh the four factors identified by the Supreme Court: (1) the length of delay, (2) the reason for the delay, (3) the timeliness of the assertion of the right, and (4) the degree of prejudice. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The first factor is a "threshold consideration;" the Court must determine "whether the delay is of sufficient length to be deemed presumptively prejudicial, thus requiring an inquiry into the other *Barker* factors." *Millard v. Lynaugh*, 810 F.2d 1403, 1406 (5th Cir.1987) (internal quotation omitted). The Fifth Circuit has found that a delay from indictment to trial of more than a year calls for "[a] full-fledged four-factor analysis." *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir.2006). In this case, nineteen months passed between the indictment and arrest of Defendant; therefore, the Court will consider the remaining *Barker* factors.

### 1. Reason for the Delay

The Supreme Court has set out a three-tiered system of weight to assign based on the second factor, the reason for the delay: (1) if the government diligently prosecutes

a defendant, there is no possibility that the indictment will be dismissed (unless the defendant can show specific prejudice); (2) if the government acts in bad faith, this factor strongly favors dismissal; and (3) negligence "occupies a 'middle ground' where the weight assigned to the factor increases as the length of the delay increases." *United States v. Serna–Villarreal,* 352 F.3d 225, 232 (5th Cir.2003) (quoting *Doggett v. United States,* 505 U.S. 647, 656–57, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)). The Government conceded at the hearing that it was negligent in its attempts to locate and prosecute Defendant once the indictment had been issued. Defendant counters that "the delay was the result of purposeful manipulation by the Government." Def.'s Mot. to Dismiss 6. Defendant, however, does not provide any arguments or evidence from which the Court can conclude that the Government intentionally waited to arrest Defendant in order "to gain some impermissible advantage at trial." *Serna–Villarreal,* 352 F.3d at 232. Therefore, the Court will assume that the reason for the delay in the instant case was the negligence of the Government.

### 2. Timeliness of the Assertion of the Violation

The Government concedes that Defendant first asserted his speedy trial concerns at his arraignment on November 17, 2006. Govt.'s Resp. 6. However, the Government argues that Defendant should have at least began to assert his concerns from the time he was served with a detainer on September 21, 2006. *Id.* Counsel was appointed for Defendant on November 14, 2006. The Court declines to find that Defendant should have asserted his speedy trial concerns before his arraignment, while he was in federal custody and unrepresented by counsel. Therefore, the Court finds that Defendant's assertion of the violation was timely.

### 3. Degree of Prejudice

In assessing the degree of prejudice, the Court must consider any specific prejudice as well as the three kinds of harm identified by the Supreme Court that generally are caused by delays from indictment to trial: "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett,* 505 U.S. at 654, 112 S.Ct. 2686 (internal quotations omitted) (alteration in original). The first two factors do not warrant dismissal in this case, as Defendant complains only about the delay between the indictment issued in April 2005 and his subsequent arrest in November 2006. Therefore, during the time preceding his arrest when he was presumably unaware of the pending charges, Defendant was neither subjected to oppressive pre-trial incarceration nor could he have been anxious and concerned about the instant charges.

However, the Supreme Court has said that the third kind, the potential for memories to fade and evidence to vanish, is the most serious form of prejudice. *Id.* Moreover, because the third kind of prejudice is "the most difficult form of speedy trial prejudice to prove," the Supreme Court has stated that "excessive delay" can "presumptively compromise[ ] the reliability of a trial." *Id.* at 655–56, 112 S.Ct. 2686. Such prejudice will be presumed "where the first three *Barker* factors weigh so heavily in favor of the defendant" that he need not demonstrate actual prejudice to gain relief. *Serna–Villarreal,* 352 F.3d at 231.

In considering whether the first three *Barker* factors weighed so heavily in favor of a defendant that prejudice should be presumed, the Fifth Circuit found that a three year, six month post-indictment delay due to government negligence, when

the defendant's assertion of the right was timely, did not warrant a finding of presumed prejudice. *Id.* at 232. In that case, the Fifth Circuit held that it could not "conclude the length of the delay here automatically requires dismissal of the indictment," *id.* at 233, and noted that "this Court and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years," *id.* at 232. Similarly, the Court finds that the nineteen-month delay from indictment to arrest in this case, due to government negligence, does not give rise to a presumption of prejudice warranting dismissal.

"Because prejudice is not presumed, [Defendant] must show actual prejudice." *United States v. Frye,* 372 F.3d 729, 739 (5th Cir.2004). At the hearing, Defendant attempted to show actual prejudice in three ways: (1) the unavailability of a likely witness, the woman who owned the apartment in which Defendant was arrested; (2) the inability to gather evidence about the configuration of the apartment as it was at the time of Defendant's arrest; and (3) the possibility that Defendant could have been sentenced concurrently had the pending charges been brought simultaneously with the illegal reentry charges. As for the unavailability of the witness, the Court finds that at this stage of the proceedings, it is still possible that the witness may be found by Defendant or the Government. Moreover, it is unclear how her presence would affect the proceedings. It is similarly unclear whether testimony about the configuration of the apartment as it was on the night of Defendant's arrest is available and whether such testimony would help the defense. *See id.* at 740 (5th Cir.2004) ("[I]t is easier for a defendant to show post-trial that he was prejudiced to the extent necessary for a speedy trial violation than to do so pretrial."). Finally, should Defendant be convicted of the instant charges, the Court could still order the sentence to run concurrently with the illegal reentry sentence. Therefore, the Court concludes that Defendant has not demonstrated any actual prejudice due to the delay in the instant proceedings. Without presumed or actual prejudice, pre-trial dismissal of the indictment is not warranted.

### C. The Due Process Clause of the Fifth Amendment

■■ The Due Process Clause of the Fifth Amendment can protect against pre-indictment delay, even when an indictment is filed within the time allowed by the statute of limitations. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Here, fourteen months elapsed between the offense conduct and the issuance of the federal indictment. The statute of limitations for the offense is five years. 18 U.S.C. § 3282. To demonstrate that pre-indictment delay warrants dismissal where the statute of limitations has not run, the defendant has to show actual, substantial prejudice *and* purposeful delay by the prosecution for tactical advantage or for other bad faith purposes. *United States v. Crouch,* 84 F.3d 1497, 1500 (5th Cir.1996) (en banc). As stated in the previous section, Defendant has demonstrated neither actual prejudice nor purposeful delay by the Government. Therefore, dismissal of the indictment based on pre-indictment delay is not warranted.

### D. Federal Rule of Criminal Procedure 48(b)

■ Federal Rule of Criminal Procedure 48(b) states: "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." "Rule

48(b), like the Sixth Amendment right [to a speedy trial], applies only to delay after defendant has been arrested or formally charged by indictment or information." 3B Charles Alan Wright, Nancy J. King, & Susan R. Klein, Federal Practice and Procedure § 814 (3d ed.2004). Dismissal pursuant to Rule 48(b) is mandatory only when "the constitutional speedy trial right has been flouted." *United States v. Hill*, 622 F.2d 900, 908 (5th Cir.1980).

■ The Court "has extremely broad discretion regarding whether to dismiss under Rule 48(b)." *Garcia*, 995 F.2d at 561 n. 8. While Rule 48(b) requires dismissal only when the right to a speedy trial has been violated, it "is not confined to constitutional violations but also embraces the inherent power of the court to dismiss for want of prosecution." *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir.1977). For example, purposeful delay may warrant dismissal under Rule 48(b). *See, e.g., United States v. Ward*, 211 F.3d 356, 362 (7th Cir.2000) ("[N]oting that there was no evidence of purposeful delay by the prosecution, we find that the district court did not abuse its discretion" in denying a motion to dismiss an indictment pursuant to Rule 48(b).); *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir.1989) ("In general dismissal under Rule 48(b) is appropriate only where there is delay that is purposeful or oppressive." (internal quotation omitted)). The Court has not been presented with evidence that the delay in this case was purposeful, nor does it find that the delay warrants dismissal for any other reasons. Therefore, the Court declines to exercise its discretion to dismiss the indictment in the instant case. *See* 3B Wright, King, & Klein, *supra* § 814 ("It is unlikely that courts will resort to Rule 48(b) and dismiss a prosecution for unnecessary delay if the time requirements of the [Speedy Trial] Act have been satisfied and the Constitution does not require dismissal. . . .").

## III.  DOUBLE JEOPARDY

■ Defendant argues that the prosecution of Count One violates the protection set forth by the Double Jeopardy Clause of the Fifth Amendment. Def.'s Mot. to Dismiss 11–12. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The government for the state of Texas declined prosecution of the state charges relating to the alleged conduct in Count One. Govt.'s Resp. 11. Since the state of Texas did not proceed with prosecution, the instant proceedings cannot constitute a successive prosecution. *Dixon*, 509 U.S. at 696, 113 S.Ct. 2849. Therefore, the indictment is not barred by the Double Jeopardy Clause.

## IV.  PROSECUTORIAL  MISCONDUCT

■ Defendant finally argues that "the manipulation and abuse of Defendant's constitutionally protected rights in this case resulting from a single individual acting as both a state and federal prosecutor amounts to prosecutorial misconduct." Def.'s Mot. to Dismiss 18. Defendant, however, has not shown that any of his constitutionally protected rights have been abused or manipulated. Furthermore, the Court has not been presented with evidence demonstrating that Mr. Hicks has abused his dual role as both an Assistant District Attorney and Special Assistant United States Attorney. Therefore, the Court declines Defendant's invitation to dismiss the indictment on the grounds of prosecutorial misconduct.

## V.  CONCLUSION

After careful consideration of the parties' arguments, submissions, and controlling case law, the Court finds that Defen-

dant's Motion to Dismiss should be denied at this time, as Defendant has not demonstrated prosecutorial misconduct, a prior prosecution, actual prejudice, or the appropriateness of a presumption of prejudice resulting from the asserted delays.

Accordingly, **IT IS ORDERED** that Defendant's "Motion to Dismiss the Indictment with Prejudice" (Docket No. 18) is **DENIED.**