# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2010

No. 09-40731

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TURNER CORNELL MOONEYHAM

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:08-cr-00001

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Turner Cornell Mooneyham (Mooneyham) pleaded guilty to eight firearm counts, reserving his right to appeal a Speedy Trial Act claim. The district court imposed a 220-month sentence and a life-term of supervised release.

On appeal, Mooneyham argues that the district court erred in denying his motion to dismiss the indictment under the Speedy Trial Act. 18 U.S.C. §§ 3161(c)(1) *et seq*. (2000). The requirement at issue provides, in relevant part, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

follows: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Failure to comply with this requirement results in dismissal of the charges. § 3162(a)(1).

Mooneyham contends that because the federal and state authorities colluded to keep him in state custody for the prosecution of the instant offenses, the state arrest triggered the 30-day time period for the federal grand jury to indict him in the Southern District of Texas. This Court has held that an arrest made by state law enforcement officers—even if they are cooperating with federal authorities—does not trigger the running of the 30-day time period under § 3161(b). *See United States v. Charles*, 883 F.3d 355, 356 (5th Cir. 1989). Indeed, Mooneyham acknowledges that the plain language of the statute demonstrates that a state arrest does not trigger the running of the 30-day period.

As Mooneyham asserts, however, there has been an exception carved out of this rule. In *United States v. Cepeda-Luna*, 989 F.2d 353, 357 (9th Cir. 1993), the Ninth Circuit held that the "Speedy Trial Act can be applied to civil detentions which are mere ruses to detain a defendant for later criminal prosecution." The Court explained that "the arrest must also have been 'in connection with' the charges contained within the later indictment." *Id*. at 356 (citation omitted). The Court further explained that the Speedy Trial Act "would lose all meaning if federal criminal authorities could collude with civil or state officials to have those authorities detain a defendant pending federal charges solely for the purpose of bypassing the requirements of the Speedy Trial Act." *Id*. at 357.

This Court has agreed with the Ninth Circuit, opining that the "'ruse exception' [is] an effective way of protecting against the possibility of collusion

between federal criminal authorities and civil or state officials." *United States v. De La Pena-Juarez*, 214 F.3d 594, 598 (5th Cir. 2000) (citing *Cepeda-Luna,* 989 F.2d at 356).   Nonetheless, this Court will not apply the "ruse exception" unless a defendant has shown that the primary or exclusive purpose of the detention was to hold him for the federal criminal proceedings.  *Id.*  Accordingly, the defendant bears the burden of proof when claiming that the ruse exception applies to his case.  This Court reviews the factual findings supporting a Speedy Trial Act ruling for clear error and the legal conclusions de novo.  *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007).

Here, the district court held an evidentiary hearing to determine whether the federal authorities had colluded with the state authorities for the primary or exclusive purpose of detaining Mooneyham for the instant federal criminal proceedings.  The district court found that there had been no such collusion warranting dismissal of the charges and denied the motion to dismiss.  The district court's finding is supported by the record and is not clearly erroneous. Therefore, we will not disturb it.

The district court's judgment is AFFIRMED.