# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 21-20047

United States of America,

*Plaintiff—Appellee*,

*versus*

David Wayne Mearis,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-524-1

Before Richman, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

David Mearis was convicted of five counts of sex trafficking. He now appeals his conviction, arguing that his right to a speedy trial was violated, that there is insufficient evidence to support one count of his conviction, and that the prosecutor made an improper remark in her closing argument. We affirm.

No. 20-20047

**I.**

In 2019, a jury convicted Mearis of two counts of sex trafficking a minor and three counts of sex trafficking by force, fraud, or coercion. The charges focused on Mearis's abusive relationships with three victims, ages 15, 17, and 19. Each lived with him and was forced to engage in prostitution.

This appeal concerns a fourth victim, T.V. By July 2016, only one victim, L.C., was still living with him. Mearis and L.C. began messaging T.V., then 14, on Mocospace. T.V. lived with Mearis from July 7–20, 2016. During this time Mearis sexually assaulted her three times and pointed a gun at her head and threatened to kill her if she tried to leave. L.C. also asked T.V. if she wanted to make some money; she said yes and L.C. responded "well, then stay." Mearis and L.C. then took T.V. with them when L.C. was forced to engage in prostitution in homes and hotels. On July 20, 2016, Mearis allowed T.V. to leave.

On September 14, 2017, Texas state police arrested Mearis and L.C. on state charges of aggravated kidnapping and trafficking a child, A.W., who is not involved here. Mearis was already on bond for two state felony cases, so the state held him without bond. The state charged Mearis and L.C. with kidnapping and trafficking offenses on September 19, 2017. In February 2018, the Houston FBI Child Exploitation Task Force began a separate investigation into Mearis. Federal authorities arrested Mearis on June 26, 2019, and within thirty days a federal grand jury indicted him.

Mearis moved to dismiss the federal indictment on speedy trial grounds, statutory and constitutional. The district court denied the motion. Mearis was then charged in a superseding federal indictment with two counts of sex trafficking a minor and three counts of sex trafficking by force, fraud, or coercion. After a four-day trial, a jury found Mearis guilty on all counts. Mearis now appeals.

No. 20-20047

## II.

Mearis argues that his right to a speedy trial under both the Speedy Trial Act and the Sixth Amendment was violated.[1] We address each in turn, reviewing the district court's factual findings on a Speedy Trial Act motion for clear error and its legal conclusions *de novo*.[2]

## A.

Under the Speedy Trial Act the federal government must file an information or indictment against the defendant "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges" otherwise the charges must be dismissed.[3] A defendant is arrested for purposes of the Act, when they are "taken into custody after a federal arrest for the purpose of responding to a federal charge."[4] Federal authorities arrested Mearis on June 26, 2019 and a federal jury indicted him less than 30 days later on two counts of sex trafficking a minor and one count of sex trafficking by force, fraud, or coercion. The federal and state charges have different victims; the state charged Mearis only with regards to A.W.

Mearis argues that the Speedy Trial Act clock must include his detention by state authorities as the state charges were a "ruse" to avoid its reach in that State and federal authorities cannot "collude" to detain a

---

[1] 18 U.S.C. § 3161; U.S. Const. amend VI.

[2] *United States v. De La Pena-Juarez*, 214 F.3d 594, 597 (5th Cir. 2000).

[3] 18 U.S.C. § 3161(b); 18 U.S.C. § 3162(a)(1).

[4] *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987). Mearis's state arrest did not trigger the Speedy Trial Act. *United States v. Taylor*, 814 F.2d 172, 175 (5th Cir. 1987).

No. 20-20047

defendant "solely for the purpose of bypassing the requirements of the Speedy Trial Act."[5]

"[W]e will only apply this exception where the defendant demonstrates that the primary or exclusive purpose of the . . . detention was to hold him for future criminal prosecution."[6] We have held that an arrest is not a ruse where it is unclear whether the charges were identical to the criminal charges justifying the arrest.[7] Where the record does not support a finding that the detention was "used primarily or exclusively to develop criminal charges involving the conduct on which the civil arrest was based," there is no ruse.[8] We apply the same standard to a state criminal arrest.[9]

Mearis argues that emails between state and federal prosecutors regarding his pending state charge and potential federal charges are evidence of just such a ruse. On November 9, 2018, Casey Goodman, the state prosecutor, emailed Sherri Zack, the federal prosecutor, about a potential on-going federal investigation into Mearis, saying that he had "been waiting to see if you are going to take Mearis's case federally before deciding what to do with [L.C.'s] case." On November 13, Zack replied that she expected to indict Mearis in January 2019 and that she believed L.C. was a victim. Goodman replied saying he would "hold off until the first of the year or until you indict Mearis . . . then I will dismiss her state case." Zack replied that she "hope[d] to indict Mearis in mid to late January." Goodman emailed Zack

---

[5] *De La Pena-Juarez*, 214 F.3d at 598 (citing *United States v. Cepeda-Luna*, 989 F.2d 353, 357 (9th Cir. 1993)).

[6] *Id.* at 598.

[7] *Id.* at 599.

[8] *Id.* at 598.

[9] *See United States v. Mooneyham*, 376 F. App'x 440, 441–42 (5th Cir. 2010).

periodically for status updates; Zack did not reply until April 26, 2019. On June 6, 2019, Goodman emailed Zack for an update because Mearis's "trial is set for July" and he would need to start preparing "if he is not indicted federally soon." Zack replied, "I plan on indicting him on the 25th or 26th of June. Please do not tip off his attorney of those dates. You do not need to prep for trial but if the defense starts prepping so be it." Shortly after, Mearis was federally arrested on June 26, 2019 and indicted on July 17, 2019.

Although Goodman reset Mearis's state case several times, Zack never asked Goodman to do so. The only trial reset referenced in the emails is in the November 9 email, which was the first time Goodman contacted federal authorities regarding this case. Thus, that reset could not have been at the behest of the federal prosecutors. Goodman also emailed Mearis's counsel in April 2019 saying that if the federal authorities continued to "move so[] slow" that he had "no issue with setting it for trial." Had there not been an interceding federal indictment, the state planned to go forward with their independent prosecution of Mearis.

These emails are not evidence of impermissible collusion. As the state had a legitimate and independent reason to detain Mearis and was not holding him primarily as a ruse for the federal government's eventual arrest, Mearis was not denied his right to a speedy trial under the Speedy Trial Act. They rather reflect a commendable effort of the state and federal offices to avoid duplication of effort and resources.

**B.**

Mearis also argues that his Sixth Amendment right to a speedy trial was violated. To determine whether a defendant's Sixth Amendment rights were violated, we balance the factors from *Barker v. Wingo*: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his

No. 20-20047

right to a speedy trial; and (4) the prejudice to the defendant."[10] We review the district court's factual findings for clear error and its application of the *Barker* factors *de novo*.[11]

"[A]s a threshold matter, the defendant must show that the length of the delay is presumptively prejudicial."[12] Mearis concedes that the purported seven-month delay between the initial exchange of emails between the prosecutors and his federal arrest is insufficient to create a presumption of prejudice, as "[a] delay of less than one year will rarely qualify as presumptively prejudicial for purposes of triggering the *Barker* inquiry."[13] Indeed, it is "the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated."[14] As Mearis is unable to show that the length of the delay was prejudicial, we affirm the district court's rejection of these claims.

### III.

Mearis argues that there was insufficient evidence to support his conviction on Count Three, charging him with sex trafficking a minor for his conduct regarding T.V. in violation of 18 U.S.C. § 1591(a), (b), & (c). As Mearis moved under Rule 29 for acquittal at the close of evidence, his sufficiency challenge is properly preserved.

---

[10] *United States v. Green*, 508 F.3d 195, 202 (5th Cir. 2007) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[11] *United States v. Molina-Solorio*, 577 F.3d 300, 303–04 (5th Cir. 2009).

[12] *Green*, 508 F.3d at 202.

[13] *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994) (internal quotation marks omitted).

[14] *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002).

No. 20-20047

We review preserved claims "*de novo*, but with substantial deference to the jury verdict."[15] A conviction must be affirmed "if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[16]

The three elements of sex trafficking a minor under § 1591(a) are:

(1) 'that the defendant knowingly recruited, enticed, harbored, transported, obtained or maintained [the victim];' (2) 'that the recruiting, enticing, harboring, transporting, providing, obtaining or maintaining of [the victim] was in or affecting interstate or foreign commerce,' and (3) that 'the defendant committed such act knowing or in reckless disregard of the fact . . . that [the victim] was under the age of 18 years of age and would be caused to engage in a commercial sex act.'[17]

Mearis first challenges the proof that he recruited, enticed, or harbored T.V. L.C. testified that Mearis told her to "recruit" T.V. on Mocospace for prostitution. After T.V. moved in with him, Mearis restricted her movements, locked her in the apartment, sexually assaulted her, and threatened to kill her. A reasonable jury could find that Mearis had recruited, harbored, or maintained T.V.

Mearis next argues that there was no evidence his conduct affected interstate commerce. Mearis and L.C. talked to T.V. on Mocospace, a use of

---

[15] *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (internal quotation marks and citation omitted).

[16] *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)); *see also United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013).

[17] *Garcia-Gonzalez*, 714 F.3d at 312 (alterations in the original).

No. 20-20047

the internet sufficient to establish the required nexus with interstate commerce.[18]

Finally, Mearis challenges the sufficiency of the proof that he harbored T.V. knowingly or with reckless disregard for the fact that T.V. was under 18 and that she could be caused to engage in commercial sex acts. The evidence shows that T.V. told Mearis she was only 14 and that Mearis's conduct with T.V. followed his pattern of conduct with his other victims, all of whom he eventually forced to engage in commercial sex acts. That is sufficient.

A rational jury could find that Mearis recruited and maintained T.V. for the purpose of her engaging in commercial sex acts, or at least in reckless regard of the fact that his behavior would lead her to engage in it. We affirm Mearis's conviction on Count Three.

## IV.

Turning from sufficiency of the evidence, Mearis's final argument is that the prosecutor in her rebuttal argument, made an improper argument, one that denied him a fair trial. We review *de novo* whether the prosecutor's comments were improper.[19]

In his closing argument, defense counsel challenged the credibility of the four women that testified. The prosecutor, in response, discussed the "climate of fear" Mearis created and reinforced how young the women had been. She continued, "Stop him from preying on women and children . . . End it, ladies and gentlemen. End it today. Find him guilty as charged."

---

[18] *United States v. Phea*, 755 F.3d 255, 264, 266 & n.32 (5th Cir. 2014).

[19] *United States v. Bolton*, 908 F.3d 75, 93 (5th Cir. 2018).

No. 20-20047

"Counsel is accorded wide latitude during closing argument"[20] and is "entitled to make a fair response in rebuttal to the arguments of defense counsel."[21] We "assume that a jury has the common sense to discount the hyperbole of an advocate, discounting the force of the argument."[22] A prosecutor is limited to discussing properly admitted evidence and reasonable inferences that can be drawn from it.[23] Here, the prosecutor's closing argument did not give her personal opinion on the merits of the case or the credibility of the witnesses, nor does it suggest the existence of evidence not presented at trial.[24] The argument was not improper and Mearis was not denied his right to a fair trial. The ultimate decision belongs to the people—the jury, properly instructed. This reality frames the metric for an improper argument.

\* \* \* \*

Accordingly, we AFFIRM the judgment of the district court.

---

[20] *United States v. Rodriguez*, 43 F.3d 117, 123 (5th Cir. 1995) (citation omitted).

[21] *United States v. Vaccaro*, 115 F.3d 1211, 1217 (5th Cir. 1997) (internal quotation marks and citation omitted).

[22] *Id.* at 1216.

[23] *United States v. Ceballos*, 789 F.3d 607, 624 (5th Cir. 2015).

[24] *See United States v. Alaniz*, 726 F.3d 586, 616 (5th Cir. 2013).

9